RAQUEL CIMA DE VILLA, Petitioner, *v.* INDUSTRIAL COMMISSION OF PUERTO RICO, ETC., Respondent.

No. O-70-90. Decided December 30, 1970.

*Miguel Matos Colón* and *Naomi Matos Rodríguez* for petitioner.

PER CURIAM: In *Acting Manager* v. *Industrial Commission*, 98 P.R.R. 39 (1969), we established as criteria of compensability for accidents occurring while the employee is pursuing academical, professional or vocational studies that: (a) the employer *participates* in the educational activity,

either by defraying fully or in part the expenses of said activity, or granting regular time of the employment for said activity, or *urging* the employee to study, and (b) the studies are *directly related* to the employment because they are specifically directed to qualify or improve the employee's standing to perform efficiently his duties and responsibilities.

The instant case satisfies said criteria adequately, for which reason the decision of the Industrial Commission refusing the compensation cannot prevail.

■ A high school teacher who was teaching the biology course at the Einstein School, Barrio Obrero, is involved. During the activity month of the summer of 1966 she went to study at the Institute of Science and Mathematics offered by the Regional College, Humacao. Pursuant to the provision of Act No. 39 of April 15, 1941, 18 L.P.R.A. § 291, the Secretary of Education accepted said Institute as a recognized activity and, consequently, authorized the payment of the monthly salary. The Institute defrayed the expenses of travel and per diem at the rate of $15 daily, the participant remaining at liberty to lodge herself in Humacao or to travel daily from her home in San Juan to the Regional College.

Said Institute only admitted in its registration Science and Mathematics teachers for the purpose of improving the quality of the education in these disciplines. In making the selection of the participants, the Institute took into consideration, among other factors, the recommendation of the teacher's superior authorities. The idea of the program, according to its Director, was to give service to the Department of Education.

Pursuant to the cited Act No. 39, the public-school teachers work contract is for 12 school months, ten of which are devoted to the regular school course, one month to the program of educational activities additional to the activities of the regular course which for such effect the Secretary of Education fixes, and, the remaining month the teacher enjoys

it as vacations with pay in advance. The teachers who do not wish or for any reason cannot work in the program of additional educational activities are not entitled to receive compensation for the month of activities.

The facts in the instant case establish that petitioner was at the time of the accident complying with one of her obligations in her work contract—the month of educational activities—which the Secretary of Education approved, and authorized the payment of the salary for that month. The studies in the Institute were directly related with petitioner's employment, the Department of Education receiving a clear, substantial, and direct benefit. It being so, the accident suffered by petitioner was a compensable one as it occurred in the course and as a result of the employment. *Acting Manager* v. *Industrial Commission, supra.*

The fact that petitioner received a compensation of $15 daily to defray the expenses of room and board, has no importance, under the circumstances of this case, as it was not a condition for that payment that she lodge herself in Humacao. That is to say, the participant was in entire liberty of lodging in Humacao or returning daily to her home.

The decision appealed from will be set aside and the case remanded for further proceedings not inconsistent with the pronouncements herein.

Mr. Chief Justice Negrón Fernández as well as Mr. Justice Santana Becerra did not participate herein.